E-FILED
Wednesday, 18 October, 2017  10:13:45 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| BRIAN COOLEY, | ) |
| **Plaintiff,** | ) |
| v. | ) No.: 17-cv-3117-JBM |
| ROBERT LOVELAND, *et al.*, | ) |
| **Defendants.** | ) |

## MERIT REVIEW ORDER

This case was originally filed by four co-Plaintiffs, Brian Cooley, Herman Nitz, Jr., Robert Loveland and Edwin Rodriguez. Plaintiffs Rodriguez and Nitz subsequently voluntarily dismissed their claims. This case proceeds with Plaintiffs Cooley and Loveland asserting a convoluted 48-page complaint against 10 named Defendants and additional John and Jane Doe Doctors.

The case is now before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

The complaint is interspersed with unrelated filings, and contains many allegations brought by former Plaintiff's Nitz and Rodriguez. In addition, Plaintiffs name a variety of

entities and individuals not amenable to suit. They name Western Illinois Correctional Center ("Western") which is a state agency and not a "person" which can be named in a § 1983 action. *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012).

Plaintiffs also seek to name a private attorney, Alan Mills, for failing to provide them a copy of the complaint in *Rasho v. Walker*, 07-1298 (C.D.Ill. Nov. 7, 2007). *Rasho* was a suit by seriously mentally ill prisoners, brought as a class action. The Plaintiffs here are members of that class. Plaintiffs do not allege that Defendant Mills was a state actor and, regardless, the failure to provide a copy of a complaint does not state a constitutional claim. Defendant Mills is DISMISSED.

Plaintiffs name Illinois Attorney General Lisa Madigan and Illinois Governor Bruce Rauner, apparently in their official capacities. The Eleventh Amendment, however, bars § 1983 claims for money damages against state officials. *Wynn v. Southward*, 251 F.3d 588, 591 (7th Cir. 2001); *Kentucky v. Graham*, 473 U.S. 159 (1985). Plaintiffs' official capacity claim against Defendants Madigan and Rauner is DISMISSED with prejudice. Even if Plaintiffs' complaint is construed as an individual capacity claim against Defendants Madigan and Rauner, it fails as Plaintiffs do not claim that Defendants personally participated in the deprivations. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir.2001) ("[s]ection 1983 liability is predicated on fault, so to be liable, a defendant must be "personally responsible for the deprivation of a constitutional right.")

Plaintiffs also request injunctive relief which may properly be asserted against state officials, even though a claim for money damages may not. *Ames v. Randle*, 933 F. Supp. 2d 1028, 1038 (N.D. Ill. 2013) ("[s]ection 1983 permits official-capacity suits that seek injunctive relief against state officials). Here, however, Plaintiff name Defendants Madigan and Rauner

who are not prison officials who could provide injunctive relief as to the conditions of confinement. *Grayson v. Goetting*, No. 15-CV-00198-NJR, 2015 WL 887800, at *4 (S.D. Ill. Feb. 27, 2015) ("the proper parties in a claim for injunctive relief include the supervisory government officials who would be responsible for ensuring injunctive relief is carried out.")

As to the alleged inadequate mental health treatment, the court may not consider it here as Plaintiffs have already received this relief through the class settlement in *Rasho* which provides for comprehensive changes in IDOC's delivery of mental health care, subject to identified implementation dates. *See* Court's May 23, 2016 Order in *Rasho*. As there are no surviving claims against them, Defendants Western, Madigan and Rauner are DISMISSED.

Plaintiffs allege inadequate mental health treatment and inhumane conditions of confinement against IDOC Director Baldwin, Warden Korte, Wexford, an unidentified Wexford Director, Cindy Hobrook, Wexford employee Shoemaker, Wexford employee Ashcraft and John and Jane Doe psychologists and psychiatrists. Plaintiffs do not, however, specify the particular conditions suffered by each of them or the dates on which they occurred. The also fail to plead the particulars of their deliberate indifference claim as to any of these Defendants.

The complaint is insufficient to place Defendants on notice of the claims against them or to provide enough information to identify the Doe Defendants. *See Ross Brothers Construction Co., Inc, v. International Steel Services, Inc*. 283 F.3d 867, 872 (7th Cir.2002) (a complaint must provide adequate notice of plaintiff's claims against the defendant). The complaint is dismissed, though Plaintiff will be given an opportunity to replead.

Plaintiffs' request for class action status is denied as, while Plaintiffs may represent themselves, they may not represent others. *See* 28 U.S.C. §1654; *Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986)(per curiam).

**IT IS THEREFORE ORDERED:**

1) Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file a "First Amended Complaint". The Amended Complaint is not to include any claims by former Plaintiffs Nitz or Rodriguez. The amended complaint is to identify the particular claims each Plaintiff has against each Defendant, named and unnamed, as to the failure to provide adequate mental health treatment and inhumane conditions of confinement. Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim. The official capacity claim against Defendants Madigan and Rauner is DISMISSED with prejudice. Defendants Madigan, Rauner, Attorney Mills and Western Illinois Correctional Center are DISMISSED.

2) Plaintiffs' Motions for Status [18] and [21] are rendered MOOT. Plaintiffs' Motion for Default Judgment [19] is DENIED as Defendants have not been issued waivers of service so are not in default.


ENTERED: 10/18/2017

                                                                  s/Joe Billy McDade
                                                               JOE BILLY McDADE
                                             UNITED STATES DISTRICT JUDGE